FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUN 2 8 2001 MR

AT SEATTLE
CLERK U S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable Robert S Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID MIGHELL,<br><br>Plaintiff,<br><br>v<br><br>SONIC FOUNDRY, INC , a Maryland corporation, RIMANTAS BUINEVICIUS and JANE DOE BUINEVICIUS, and the marital community comprised thereof, and KEN MINOR and JANE DOE MINOR, and the marital community comprised thereof<br><br>Defendants | No C00-1319L<br><br>SECOND AMENDED COMPLAINT<br><br>JURY TRIAL REQUESTED |

Plaintiff, David Mighell, alleges:

## I.   NATURE OF THE ACTION

1   This is an action brought in United States District Court for the Western District of Washington on the basis of diversity   Plaintiff brings this action against his former employer, Sonic Foundry, Inc , and Rimantas Buinevicius and Ken Minor   This action is based of claims for breach of contract, conversion, and violations of Washington State Wage and Hour statutes RCW 49 52 *et seq* and RCW 49 48 *et seq*.   Plaintiff seeks monetary relief, including pecuniary and nonpencuniary damages, and all attorneys fees and costs to the fullest extent allowed by law

SECOND AMENDED COMPLAINT
Page 1



IP LAW FIRM, P S
gton Mutual Tower
d Avenue
ington 9810
13-2700

CV 00-01319 #00000028

## II. JURISDICTION AND VENUE

2   Plaintiff is a resident of the State of Washington

3   Defendant Sonic Foundry is a corporation, incorporated under the laws of the State of Maryland and with its principle place of business in the State of Wisconsin

4   Defendants Rimantas Buinevicius and Ken Minor are individuals who, at all times relevant to this claim, conducted business in Washington

5   This Court has subject matter jurisdiction based on complete diversity of parties under 28 U S C § 1332

6   This Court has personal jurisdiction over Defendants, based on their employment of Plaintiff in the State of Washington and the business conducted by Defendants in the State of Washington.

7   This Court has personal jurisdiction over Defendants Rimantas Buinevicius and Ken Minor based on their employment of Plaintiff in the State of Washington and the business conducted by Defendants in the State of Washington

8   Venue is proper in this action under 28 U S C § 1391(c).

## III. STATEMENT OF CLAIMS

9   Defendant Sonic Foundry is a software company that writes programs for media providers allowing these providers to reduce their media formats to data formats deliverable across the Internet

10   Defendant Rimantas Buinevicius is the Chief Executive Officer of Sonic Foundry, Inc

11.   Defendant Ken Minor is the Chief Financial Officer of Sonic Foundry, Inc

12   On or about August 26, 1999, Defendant Sonic Foundry offered employment to Plaintiff

SECOND AMENDED COMPLAINT
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

13    The terms of the Defendant's offer included, but were not limited to, certain amounts of compensation, stock options, stock purchase, salary bonuses, revenue sharing, and other benefits This compensation constituted Plaintiff's wages

14    In return for these wages, Plaintiff was to perform various services for Defendants as an employee

15    On or about August, 26, 1999, Plaintiff accepted this offer based on the compensation package and became an employee of Sonic Foundry, Inc.

16    Defendant Sonic Foundry's offer and the Plaintiff's acceptance created a binding contract.

17.   Plaintiff performed services as Defendants' employee from on or about September 13, 1999 until on or about April 7, 2000

18    On or about April 7, 2000, Defendants, through its agents, unilaterally terminated Plaintiff's employment breaching Sonic Foundry's contract with Plaintiff

19.   As a result of this breach, Plaintiff suffered damages in an amount to be proven at trial

20    Under the terms of the contract entered into between the parties, Defendants owed Plaintiff certain wages upon his termination

21    Defendants intentionally withheld these wages due Plaintiff under the terms of the employment agreement

22    Plaintiff made several demands for these unpaid wages

23    Defendants have still not paid these wages to Plaintiff.

24    Defendants withholding of these wages is in breach of the contract between the parties

25    As a result of this breach, Plaintiff suffered damages in an amount to be proven at trial

26    Defendants promised Plaintiff a compensation package

SECOND AMENDED COMPLAINT
Page 3

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

27.  Defendants reasonably expected to induce action on the part of Plaintiff through this offer of compensation.

28  Plaintiff acted by performing all of the services assigned to him following the promise of compensation by the Defendants

29.  Plaintiff reasonably relied on Defendants' offer of compensation.

30.  Plaintiff has been unjustly denied compensation promised by Defendants and Defendants promised Plaintiff he was to earn more compensation for his employment than Plaintiff has actually been paid

31  As a result of these actions caused by Defendants, Defendants are estopped from denying the existence of a contract  Plaintiff reasonably relied on those promises made by Defendant, for which he suffered damages in an amount to be proven at trial

32  Defendants are employers subject to the Washington State Wage and Hour statutes, RCW 49 48 *et seq* and RCW 49 52 *et seq*  Defendants' intentional withholding of wages due it's employee, Plaintiff, is in violation of these statutes

33  Defendants intentionally took Plaintiff's wages, which it owed Plaintiff, depriving these wages to Plaintiff and resulting in a conversion of Plaintiff's rightful property.

34  During this period of conversion, Plaintiff's wages and unpaid compensation have lost significant value.

35  The effect of the above actions has been to deprive Plaintiff of his rightful wages, full compensation, and to deprive him of his statutory rights to such wages

## IV.  DAMAGES

36  Defendants' conduct as described above has caused Plaintiff the following damages

(a)  Lost pay, wages and benefits in amounts to be established at trial,

SECOND AMENDED COMPLAINT
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

(b) Out of pocket expenses and special damages, including but not limited to medical expenses, litigation costs, and attorney's fees, in amounts to be established at trial,

(c) Damages arising as a consequence of Defendants' breach of contract or promise in amounts to be established at trial,

(d) Award Plaintiff all damages, including the difference between the value of the property at the time it was illegally converted to the use of the corporation and its value at the time it is awarded to plaintiff, in an amount to be established at trial,

37 Defendants' intentional withholding of wages in violation of the Washington Wage and Hour statutes RCW 49 52 050 make Defendants liable for payment of double damages as exemplary damages pursuant to RCW 49 52 070

38 Defendants' withholding of wages in violation of RCW 49 52 050 makes the Defendants liable for litigation costs and reasonable attorney's fees under RCW 49 52 070 and other applicable statutes and authority.

## V. REQUEST FOR RELIEF

39. Plaintiff Mighell therefore requests this Court enter judgment against Defendants Sonic Foundry, Inc , Rimantas Buinevicius, and Ken Minor, and to grant relief as follows

A Award Plaintiff special damages for lost pay, lost business opportunities, lost wages and benefits, and medical expenses, in an amount to be established at trial,

B Award Plaintiff all damages allowed by law for Defendants' malicious and reckless conduct described in the above paragraphs, in an amount to be established at trial,

THE BLANKENSHIP LAW FIRM, P S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

C       Order Defendants to make Plaintiff whole by providing for Plaintiff's losses consequential to Defendants' breach of the employment contract

D       Order Defendants to pay exemplary damages in the form of double damages for its willful and intentional withholding of Plaintiff's wages pursuant to RCW 49.52 070, and other applicable statues and authority.

E       Order Defendants to pay litigation costs and attorney's fees for its willful and intentional withholding of Plaintiff's wages pursuant to RCW 49 52.070, RCW 49 48, or other applicable statutes and authority

F       Award Plaintiff any additional or further relief that this Court finds appropriate, equitable, or just

DATED this 27 day of June, 2001

                                THE BLANKENSHIP LAW FIRM, P S

                                By _____
                                        Scott C G Blankenship
                                        WSBA No 21431
                                        Attorneys for Plaintiff

SECOND AMENDED COMPLAINT
Page 6

THE BLANKENSHIP LAW FIRM, P S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700